# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

LAWRENCE REYNOLDS,

      Plaintiff,

  v.                                    Case No. 2:10-cv-27
                                          JUDGE GREGORY L. FROST
TED STRICKLAND, et al.,                  Magistrate Judge Terence P. Kemp

      Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of a motion for a temporary restraining order or, alternatively, for an order under the All Writs Act (Doc. # 19) filed by intervenor-plaintiff Mark Brown and a memorandum in opposition (Doc. # 20) filed by Defendants. Also before the Court is an unopposed motion by Brown to incorporate the record from Case No. 2:04-cv-1156. (Doc. # 18.) For the reasons that follow, this Court **GRANTS** Brown's motion to incorporate the record from Case No. 2:04-cv-1156 (Doc. # 18) and **DENIES** Brown's motion for a temporary restraining order or, alternatively, for an order under the All Writs Act (Doc. # 19).

## I. Background

Mark Brown is an inmate on Ohio's death row who is set to be executed on February 4, 2010. On January 26, 2010, Brown filed a motion to intervene in the captioned case, which is one of several actions challenging the State of Ohio's execution protocol on this Court's docket. (Doc. # 11.) After affording Defendants an opportunity to respond, this Court granted the motion on January 28, 2010. (Doc. # 14.) Recognizing that Brown's complaint indicated a desire to obtain injunctive relief staying his execution, this Court contacted the parties via

telephone on January 28, 2010. During this status conference, the Court reminded Brown's counsel of the S. D. Ohio Civ. R. 65.1(b) requirement that a request for injunctive relief be made by motion and not simply asserted in a pleading. The Court and the parties then conducted the status conference as the Rule 65.1(a) informal preliminary conference and arrived at an agreed-upon briefing schedule. Because the parties have completed their briefing and because Brown has elected to forego oral argument and the presentation of testimony, the motion is now ripe for decision.

## II. Discussion

### A. Standard Involved

In considering whether injunctive relief staying Brown's execution is warranted, this Court must consider (1) whether Brown has demonstrated a strong likelihood of success on the merits; (2) whether Brown will suffer irreparable injury in the absence of equitable relief; (3) whether the stay will cause substantial harm to others; and (4) whether the public interest is best served by granting the stay. *Cooey v. Strickland*, 589 F.3d 210, 218 (6th Cir. 2009) (citing *Workman v. Bredesen,* 486 F.3d 896, 905 (6th Cir. 2007); *Ne. Ohio Coal. for Homeless & Serv. Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)). As the Sixth Circuit has explained, " '[t]hese factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together.' " *Id.* (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).

### B. Analysis

As a threshold matter, this Court notes that Brown has filed a motion to incorporate into this action the record from a similar case, *Cooey v. Strickland*, Case No. 2:04-cv-1156. (Doc. #

2

18.) Defendants do not oppose the motion. The Court finds the motion well taken and notes explicitly that a full account of the background facts and protocol details is contained within that record.

Turning to the issue of whether Brown is entitled to injunctive relief staying his execution, the Court notes that, as the United States Supreme Court has recognized, "the mere fact that an inmate states a cognizable § 1983 claim does not warrant the entry of a stay as a matter of right." *Nelson v. Campbell*, 541 U.S. 637, 649 (2004). Rather, Brown must make a sufficient showing to obtain a stay, and he has failed to make that showing here.

Brown raises a number of arguments in his attempt to obtain a stay. But just as this Court explained in a December 9, 2009 lethal injection hearing, incorporated herein by reference and by Brown's request, the Sixth Circuit has conclusively foreclosed nearly all of these challenges absent a distinguishable or particularized showing by an inmate. (Doc. # 639 in Case No. 2:04-cv-1156, 12/9/09 Hrg. Tr.) This conclusion arises from review of a December 7, 2009 Sixth Circuit decision in which the court of appeals addressed whether this Court had improperly denied a motion for a temporary restraining order to stay the execution of another inmate, Kenneth Biros. *Cooey v. Strickland*, 589 F.3d 210 (6th Cir. 2009). It does not matter for purposes of deciding Brown's stay request whether this Court agrees with all, part, or none of that decision. What matters is that this binding precedent answers the question of whether Brown has demonstrated a substantial likelihood of success on the merits so as to warrant a stay of execution.

Brown argues that the evidence presented during the December 4, 2009 hearing on Biros' motion and related depositions "partially" demonstrate his likelihood of success. (Doc. # 19, at

8.) But the Sixth Circuit flatly rejected the proposition that this evidence presents a likelihood of success in its December 7, 2009 decision. *See Cooey*, 589 F.3d 210.

For example, Brown argues that what the parties and this Court have designated as Plan A–the administration of sodium thiopental option–fails to address the IV access issues involved in the attempted execution of Romell Broom. Brown asserts that the protocol relies on unqualified and insufficiently competent medical technicians, that the protocol is flawed because it relies on peripheral vein access, and that the protocol improperly fails to impose a time limit on attempts to obtain IV access. This Court previously rejected such arguments. *Cooey v. Strickland*, No. 2:04-cv-1156, 2009 WL 4842393, at *82-85, 88-91 (S.D. Ohio Dec. 7, 2009). The Sixth Circuit then considered and wholly rejected each of these arguments. *Cooey*, 589 F.3d at 223-28.

Brown also argues that the latest protocol presents a impermissible risk of a constitutional violation because it fails to ensure a quick and painless death guaranteed by Ohio Revised Code § 2949.22(A). In discussing this same argument as presented by Biros, however, the Sixth Circuit held:

> Biros also claims that the planned execution will violate his right to a "quick and painless death." R. 610 at 9. He cites Ohio Revised Code § 2949.22(A), the statute that provides for a death caused by "a lethal injection of a drug . . . of sufficient dosage to quickly and painlessly cause death." But § 2949.22 creates no cause of action to enforce any right to a quick and painless death. *See State v. Rivera,* Nos. 08CA009426, 08CA009427, 2009 WL 806819, at *7 (Ohio Ct.App. Mar. 30, 2009) ("There is no 'action' for a quick and painless death" under Ohio Reg.Code Ann. § 2949.22(A).). We are not persuaded by Biros's assertion that § 2949.22 creates a federal right because the statute creates "liberty and property interests in a 'quick and painless execution' " protected by the substantive component of the Due Process Clause of the Fourteenth Amendment. R. 610 at 9. Biros is unlikely to show that the reach of any such right extends beyond the incorporation of the Eighth Amendment. *Cf. Furman v. Georgia,* 408 U.S. 238, 359 n.141, 92 S.Ct. 2726, 33 L.Ed.2d 346 (Marshall, J., concurring).

4

*Cooey*, 589 F.3d at 234.

Next attacking the protocol option designated for litigation purposes as "Plan B," Brown presents a number of questions that he contends necessitate a stay. In its Biros decision, the Sixth Circuit rejected all of these contentions as sufficient grounds for such injunctive relief.[1] *Cooey*, 589 F.3d at 232-34. In fact, the court of appeals went even further than this Court. This Court had at least recognized *some* theoretical possibility of severe pain for *some* individuals. *Cooey*, 2009 WL 4842393, at *95. Based on the same record, however, the appellate court concluded that "we find that Biros has failed to demonstrate that Ohio's decision to adopt an alternative, non-IV method of lethal injection poses *any* risk of severe pain. He is therefore unable to demonstrate a likelihood of success on his claim that it . . . violate[s] the Eighth Amendment's prohibition on cruel and unusual punishments." *Cooey*, 589 F.3d at 233-34 (emphasis added). *See also id.* at 232 (concluding that "Biros fails to demonstrate a risk of severe pain in the intramuscular procedure").

Similarly, Brown, like Biros, argues that Defendants took insufficient time to develop the current protocol and then rushed the new, untested protocol into practice. As before, this Court recognizes that an alleged rush to adopt a new and untested protocol does not create an entitlement to injunctive relief. *Cooey*, 2009 WL 4842393, at *81 n.15 ("Even a hastily prepared and adopted protocol might yield constitutional results, whereas a protocol resulting from

---

[1] As other inmates have done, Brown also inexplicably attempts to shift the burden to Defendants in contravention of long-standing law as to which party must demonstrate what in the injunctive relief context. His statement that "Defendants should also be required to provide evidence that they have some reasonable basis for believing that the usage of [the Plan B] drugs in combination will result in a humane death" is a statement of preference or desired policy, not a reflection of settled law. (Doc. # 19, at 10.)

intensive labor and deliberations over many hours or even years might present unconstitutional risks. Thus, simple speed is not the issue; the issue is the resulting risks of what was adopted regardless of how quickly that occurred."). The Sixth Circuit has also rejected the "rush to a hasty execution" argument. *Cooey*, 589 F.3d at 233. Moreover, that appellate court noted untested does not necessarily mean unconstitutional, explaining that because "the procedure has never before been used does not itself establish that the procedure is cruel and unusual." *Id.* at 230.

Brown states that "the defendants and their expert have also failed to meaningfully refute the testimony of Dr. Heath concerning the serious problems presented by the specified large doses of hydromorphone and midazolam." (Doc. # 19, at 11.) The Sixth Circuit has weighed the evidence and disagrees. *Cooey*, 589 F.3d at 230-32.

This Court notes that Brown has failed to set forth any particularized arguments that would remove him from the broad scope of the Sixth Circuit's wholesale rejection of his generalized arguments. Brown has elected not to present any new evidence to differentiate his case from inmates such as Biros, despite having been afforded any opportunity to do so. Thus, based on the record upon which Brown relies and on the foregoing analysis, this Court must conclude that Brown has failed to demonstrate a likelihood of success on the merits. The Sixth Circuit has explained that in regard to the issue of whether injunctive relief should stay an execution date, "the absence of any meaningful chance of success on the merits suffices to resolve this matter." *Workman*, 486 F.3d at 911. Because this Court has concluded that the first factor weighs against injunctive relief, the Court need not and does not discuss the remaining factors.

Having concluded that Brown is not entitled to a temporary restraining order, this Court next turns to his alternative argument for a stay of execution. Brown devotes a considerable portion of his briefing to arguing that he is entitled to a stay under the All Writs Act. This Court has previously explained why the All Writs Act argument fails. *Cooey*, 2009 WL 4842393, at *100-01. Moreover, the Sixth Circuit explained in soundly rejecting Biros' similar argument:

> [The All Writs Act] authorizes us to "issue all writs necessary or appropriate in aid of [our] jurisdiction[ ] and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Biros argues that we can stay his execution without a showing of a likelihood of success on the merits because the Act looks to our exercise of jurisdiction over this case, which we lose once Ohio executes him on December 8, rather than to the affect of the litigation on the parties. Biros's assertion is unpersuasive and unsupported by precedent. "There is no reason why the All Writs Act can or should be used to thwart the proper application of the [TRO] factors," *Lambert*, 498 F.3d at 454, and every reason to assume that the use of the Act in this way would erode the customary grounds for obtaining stays of execution.
>
> The All Writs Act provides "a residual source of authority" when no other provision "addresses the particular issue at hand," not an alternative to available but unavailing procedures concerning the matter at hand. *See Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43, 106 S.Ct. 355, 88 L.Ed.2d 189 (1985). Biros's interpretation of the Act amounts to circumvention of the requirements of Federal Rule of Civil Procedure 65, and would do exactly what *U.S. Marshals Service* prevents: substitute the Act for the requirements that Congress provided for obtaining emergency stays.

*Cooey*, 589 F.3d at 234. In light of such conclusive reasoning, Brown's argument based on the All Writs Act is wholly without merit.

### III.  Conclusion

The Court **GRANTS** Brown's motion to incorporate the record from Case No. 2:04-cv-1156 (Doc. # 18) and **DENIES** Brown's motion for a temporary restraining order or, alternatively, for an order under the All Writs Act (Doc. # 19).

**IT IS SO ORDERED.**

    /s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE