# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

LAWRENCE REYNOLDS,

    Plaintiff,

  v.                                Case No. 2:10-cv-27
                                       JUDGE GREGORY L. FROST
TED STRICKLAND, et al.,         Magistrate Judge Terence P. Kemp

    Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff Lawrence Reynolds' Motion for a Preliminary Injunction (Doc. # 35) and Defendants' memorandum in opposition (Doc. # 37). Reynolds is set to be executed by the State of Ohio on March 9, 2010, and asks this Court to stay his execution or, alternatively, to order expedited discovery and a trial prior to the execution date.

On February 24, 2010, this Court held a S. D. Ohio Civ. R. 65.1(a) informal preliminary conference by telephone, during which the parties agreed upon a briefing schedule. Reynolds' counsel indicated that he did not seek a hearing, the presentation of additional evidence, or oral argument. No reply memorandum was permitted. Counsel did make an oral motion to incorporate again into this action the record from a similar case, *Cooey v. Strickland*, Case No. 2:04-cv-1156. Defendants did not oppose the motion, which this Court granted. The Court again notes explicitly that a full account of the background facts and protocol details is contained within the 2:04-cv-1156 record.

In support of the preliminary injunction motion, Reynolds presents arguments that are nearly word-for-word identical to most of those arguments contained in the previous motion for

a temporary restraining order filed by Mark Brown.[1] (Doc. # 19.) As Defendants note in their briefing, this Court denied that motion for a temporary restraining order in a February 1, 2010 Opinion and Order, which the Court incorporates herein by reference. (Doc. # 22.) The court of appeals subsequently affirmed that decision in a February 3, 2010 Order. (Doc. # 28.) Reynolds has failed to present any distinguishing arguments, facts, or law warranting a different result here.

Accordingly, based on the analysis set forth in this Court's February 1, 2010 Opinion and Order (Doc. # 22), the Sixth Circuit's February 3, 2010 Order (Doc. # 28), and the Sixth Circuit's underlying decision of *Cooey (Biros) v. Strickland*, 589 F.3d 210 (6th Cir. 2009), the Court **DENIES** Reynolds' motion for a preliminary injunction. (Doc. # 35.) Based on the same rationale, the Court also **DENIES** Reynolds' alternative request to expedite discovery and the trial date.

**IT IS SO ORDERED.**

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE

---

[1] This Court notes that, like Reynolds, Defendants have also apparently employed the cut-and-paste approach in their briefing, stating in their memorandum in opposition that "[t]he Court should consider the following factors in deciding Reynold's [*sic*] motion for a *temporary restraining order*: (1) whether *Brown* has demonstrated a strong likelihood of success on the merits, (2) whether *Brown* will suffer irreparable injury in the absence of a stay, (3) whether granting the stay will cause substantial harm to others, and (4) whether the public interest is best served by granting the stay." (Doc. # 37, at 4 (emphasis added).) The Court concludes that the italicized words are merely scrivener's errors and that Defendants do not mean to suggest that the Court deny Reynolds' motion for a *preliminary injunction* based on *Brown*'s prior actions and briefing.